# LeClairRyan

A Professional Limited Liability Company
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
Tel. (973) 491-3600
David W. Phillips, Esq.
Attorneys for Plaintiff Sream, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SREAM, INC., a California corporation, | Civil Action No. |
| Plaintiff, | COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATIONS OF ORIGIN AND DILUTION AND UNFAIR COMPETITION |
| vs. | |
| ONE STOP 3, | |
| Defendant. | |

Plaintiff Sream, Inc., a California corporation, ("Sream" or "Plaintiff") by its

attorneys, LeClairRyan, a Virginia Professional Limited Liability Company, complaining of

Defendant One Stop 3 ("One Stop" or "Defendant"), alleges as follows:

**SUBJECT MATTER JURISDICTION**

1.     This is an action under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et

seq.,* for infringement of trade name, false advertising, and unfair competition, and is also

brought under principles of state statutory and common law.

2.     This Court has jurisdiction of Plaintiff's claims arising under the Lanham Act

pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, and under its supplemental

jurisdiction, 28 U.S.C. §§ 1338(b) and 1367(a).

3.     Upon information and belief, the acts of Defendant of which complaint is made herein have been made by Defendant in and/or affect interstate commerce.

4.     Upon information and belief, the actions of Defendant of which complaint is made herein have been and continue to be committed by Defendant in the State of New Jersey.

## VENUE

5.     This action is properly venued in the District of New Jersey under 28 U.S.C. § 1391, because the claims asserted in this Complaint arise in this Judicial District, the Defendant is located in and regularly transacts business in this Judicial District, and/or the Defendant has committed the acts complained of in this Judicial District.

## THE PARTIES

**6.**     Plaintiff / Sream is a corporation incorporated and existing under the laws of California, with its principal place of business located at 12869 Temescal Canyon Road, Suite B, Corona, California 92883.  Sream does business as "RooR USA."

**7.**     Defendant / One Stop is a corporation, partnership or sole proprietorship formed under the laws of the state of New Jersey, having a business address of 2517 C Boardwalk, Atlantic City, New Jersey 08401.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.**     **The RooR Business and Trademark.**

8.     Headquartered in Germany since 1995, Mr. Martin Birzle d/b/a RooR International BV ("RooR" or "Company") is an award-winning designer and manufacturer of smoker's products.  RooR products are widely recognized and highly acclaimed for RooR's ornate and innovative products, including its borosilicate jointed-glass water pipes, parts, and accessories related thereto.  Indeed, RooR is one of the leading companies in the industry and has gained numerous awards and recognition for its innovative products and designs.

- 2 -

9.      For nearly two decades, RooR has distinguished itself as the premiere manufacturer of glass water pipes because of the Company's unwavering use of quality materials and focus on scientific principles to facilitate a superior smoking experience.  RooR's painstaking attention to detail is evident in many facets of authentic RooR products.  It is precisely because of the unyielding quest for quality and unsurpassed innovation that RooR products have a significant following and appreciation amongst consumers in the United States of America ("USA" or "U.S.").

10.      RooR has spent substantial time, money and effort in developing consumer recognition and awareness of the RooR trademarks described below.  This recognition is also due, in part, to the collaborative efforts of Sream.  Through the extensive use of the RooR trademarks, RooR and its exclusive licensee Sream, have built up and developed significant goodwill in the entire RooR product line.  A wide array of websites, magazines, and specialty shops include advertising of RooR's products which are immediately identifiable.  RooR International BV is the exclusive owner of federally registered and common law RooR trademarks.  The following is a partial (non-exhaustive) list of the RooR trademarks:

> U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with Products further identified in registration in international class 034.

> U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with Products further identified in the registration in international classes 025 and 034.

> U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with Products further identified in the registration in international class 021.

> Common law and unregistered state law rights in the following variants of the RooR marks:



- 3 -



(hereinafter and collectively, the "RooR Marks").

11.     Since at least 2011, Plaintiff has been the exclusive licensee of the RooR Marks in the USA pursuant to an exclusive Trademark License Agreement (hereinafter, the "Agreement"). By the terms of the Agreement, Plaintiff has manufactured water pipes under the RooR Marks and has been granted the exclusive right to use the RooR Marks in conjunction with the manufacturing, distribution, and sale of products bearing the RooR Marks in the USA.  Plaintiff also advertises, markets, and distributes water pipes, water pipe parts, and other smoker's articles in association with the RooR Marks.  All of these activities are made with RooR's consent and approval, and in accordance with RooR's strict policies.

12.     The superiority of the RooR products is not only readily apparent to consumers, who yearn for RooR's higher quality glass in the marketplace, but to industry professionals as well.  RooR's unique style and functional superiority has earned the brand accolades in leading trade magazines and online publications.  Because consumers recognize the quality and innovation associated with RooR branded products, they are willing to pay higher prices for them.  For example, a RooR-branded 45 cm glass water pipe retails for $300 or more, while a non-RooR product of equivalent size will usually sell for less than $100.  In general, RooR products do not sell for less than $200, whereas non-RooR glass water pipes retail at an average of less than $50.

13.     It is exactly because of the higher sale value of RooR branded products that RooR products are targets of counterfeiters.  These unscrupulous entities tarnish the RooR brand by unlawfully affixing the RooR Marks to substantially inferior products, leading to significant illegitimate profits.  In essence, such entities mislead consumers to pay premium prices for low grade products that free ride on the RooR brand, and in turn, reap substantial ill-gotten profits.

7095901                                       - 4 -

14.     In order to protect the RooR Marks, and pursuant to the terms of the Agreement, Plaintiff has been granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

**B.      Defendant's Unlawful Conduct.**

15.     Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendant has, without the consent of Plaintiff, offered to sell and sold within the USA (including within this Judicial District) products / goods that were neither made by RooR nor by a manufacturer authorized by Plaintiff (such products / goods are hereafter referred to as "Counterfeit Products" – examples of which are attached at Exhibit A) using reproductions, counterfeits, copies and/or colorable imitations of one or more of the RooR Marks.  On information and belief, Plaintiff further alleges that Defendant imported said Counterfeit Products into the USA, or encouraged others to import said Counterfeit Products into the USA, for the purpose of reselling the Counterfeit Products in the USA and this Judicial District.

16.     Thus, Plaintiff is informed and believes and, upon such, alleges that, in order to receive higher profit margins, Defendant has held itself out – through the Counterfeit Products it carries –  to be sponsored by, affiliated with, and/or otherwise connected with Plaintiff. Specifically, Defendant has advertised, offered for sale, sold, distributed, displayed, and/or have affixed the RooR Marks to water pipes (i.e., the Counterfeit Products) without consent, license, or approval.  In so doing, Defendant has sold fake RooR water pipes (i.e., the Counterfeit Products) out of Defendant's store and/or distributed the same with inferior materials and inferior technology.

17.     In its ongoing investigation of counterfeit sales of the Plaintiff's products, Plaintiff's investigator purchased several "RooR" water pipes from Defendant, charged to the

account of Plaintiff's investigator.  True and correct copies of the Counterfeit Products purchased from Defendant, as well as the purchase receipts are attached hereto as part of Exhibit A.

18.     On June 19, 2018, Plaintiff's investigator purchased 1 "RooR" glass pipe from the defendant for $21.39, charged to the account of Plaintiff's investigator.  Upon visual inspection, plaintiff's investigator identified the pipe bearing a RooR logo as counterfeit.  The pipe purchased by the Plaintiff's investigator has square "R"s, and a rubber grommet (collectively, the "Offending Marks").  Furthermore, the craftsmanship is not at the standard or quality of any authentic RooR pipe.   Moreover, Plaintiff does not produce any pipes of these specifications at this price point.

19.     Defendant has intentionally and knowingly directed payments for the counterfeit items to be made to itself within this Judicial District.

20.     Through such business activities, Defendant purposely derived direct benefits from its interstate commerce activities by targeting foreseeable purchasers in the State of New Jersey, and in doing so, have knowingly harmed Plaintiff.

21.     Defendant uses images and names confusingly similar or identical to the RooR Marks to confuse customers and aid in the promotion and sales of its unauthorized and counterfeit product.  Defendant's use of the RooR Marks includes importing, advertising, displaying, distributing, selling and/or offering for sale unauthorized copies of RooR branded products.

22.     Defendant's use began long after RooR's adoption and use of its trademarks, and after RooR obtained the trademark registrations alleged above.  Neither Plaintiff nor any authorized agents have consented to Defendant's use of the RooR Marks.

23.     Defendant's actions have confused and deceived, or threatened to confuse and

deceive, the consuming public concerning the source and sponsorship of the counterfeit RooR-branded products sold and distributed by Defendant.  By its wrongful conduct, Defendant has traded upon and diminished the goodwill of the RooR Marks.  Furthermore, the sale and distribution of the Counterfeit Products by Defendant has infringed upon the above-identified federally registered trademarks (i.e., the RooR Marks).

24.     Defendant offering to sell, selling, importing and encouraging others to import counterfeit products in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the counterfeit products.

25.     Defendant also offered to sell, sold, imported, and/or encouraged others to import for purpose of resale within the USA counterfeit products consisting of reproductions and/or copies of products bearing the RooR Marks.  Moreover, Defendant's repeated uses of the RooR Marks were done without Plaintiff's authorization.

## COUNT ONE
## Trademark Infringement, 15 U.S.C. §§ 1114

26.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 of the Complaint as if set forth verbatim herein.

27.     RooR is the legal owner of the federally registered RooR Marks, as set forth in more detail in the foregoing paragraphs.  Plaintiff is the exclusive licensee of the RooR Marks in the USA and has been granted all enforcement rights to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

28.     The RooR Marks are valid, protectable and distinctive trademarks that RooR has continuously used to promote its Products for almost two decades, of which Plaintiff has actively participated in since at least 2011.  Plaintiff is informed and believes, and thereon alleges that, a

substantial segment of the relevant purchasing public recognizes the RooR Marks as coming

from and/or affiliated with RooR, and its exclusive U.S. licensee, Plaintiff.

29.     Defendant has used marks confusingly similar to RooR's federally registered

RooR Marks in violation of 15 U.S.C. § 1114.  Specifically, and as described *supra*, and as

shown in <u>Exhibit A</u>, Defendant has sold counterfeit water pipes bearing one or more of the RooR

Marks, and has passed off such counterfeits as authorized products from Plaintiff.  However, the

Defendant was not provided a license, permission, and/or consent to sell counterfeit products

bearing the RooR Marks.

30.     By such actions, Defendant's use of confusingly similar imitations of the RooR

Marks has caused in the past, and is likely to cause in the future, confusion, deception, and

mistake by creating the false and misleading impression that Defendant's products are

manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by Plaintiff, or

are associated or connected with Plaintiff.  Furthermore, Plaintiff is informed and believes, and

thereon alleges, that the Defendant utilized the RooR Marks in order to create consumer

confusion, and have in-fact created consumer confusion, including, but not limited to, initial

interest confusion and confusion as to an affiliation or association between Plaintiff, on the one

hand, and of the Defendant on the other.

31.     At no time did the Defendant have the authorization, legal right, and/or consent to

engage in such activities in disregard of Plaintiff's rights in the RooR Marks.

32.     The Defendant's actions complained of herein were intentional, willful, and

malicious with a deliberate intent to trade on the goodwill associated with the federally registered

RooR Marks.

33.     Plaintiff is informed and believes, and thereon alleges that, as a proximate result of the unfair advantage accruing to the Defendant's business from deceptively trading on Plaintiff's advertising, sales, and consumer recognition, the Defendant has made substantial sales and profits by selling counterfeit water pipes bearing the RooR Marks, in amounts to be established according to proof.

34.     As a proximate result of the unfair advantage accruing to the Defendant's business from deceptively trading on Plaintiff's advertising, sales, and consumer recognition, Plaintiff has been damaged and deprived of substantial sales and have been deprived of the value of the RooR Marks as a commercial asset, in amounts to be established according to proof.

35.     Plaintiff is informed and believes, and thereon alleges that, unless restrained by this Court, the Defendant will continue to infringe the RooR Marks, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to the RooR Marks in the public perception.  Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of the Defendant and its Counterfeit Products.

36.     Plaintiff is informed and believes, and thereon alleges that, the Defendant's acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive rights in the RooR Marks and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and the RooR products.  At a minimum, Plaintiff is entitled to injunctive relief and to recover the Defendant's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114 and 1116.  However, given the intentional acts here, Plaintiff is entitled

to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials (i.e., the Counterfeit Products) in Defendant's possession.

## COUNT TWO
## Trademark Infringement – Unfair Competition (15 U.S.C. §1125(a))

37.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 of this Complaint as if set forth verbatim herein.

38.     This cause of action for unfair competition arises under Section 43(a) of the Lanham Act, l5 U.S.C. § 1125(a).

39.     The actions of Defendant, as set forth above, constitute unfair competition in violation of Plaintiffs' rights under the Lanham Act, 15 U.S.C. § 1125(a).

40.     Defendants' actions have caused or threaten to cause Plaintiff to have its good will in the RooR Marks diluted, diminished in value, and/or damaged, and Plaintiff has actually suffered and will continue to suffer monetary damages, in addition to loss of good will which cannot be compensated with monetary damages.

## COUNT THREE
## False Designation Of Origin Under Lanham Act (15 U.S.C. §1125(a))

41.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 of this Complaint as if set forth verbatim herein.

42.     The Defendant caused to enter into interstate commerce water pipes that contain the Offending Marks and which are confusingly similar to the RooR Marks.  Plaintiff is informed and believes, and thereon alleges that, these unregistered variants of the RooR Marks (i.e., the Offending Marks) have become associated in the minds of consumers with Plaintiff and its respective RooR Products.

43.     The marketing and sale of Defendant's pipes, as described above, constitutes false designation of origin which is likely to cause confusion and mistake and to deceive consumers as to the source or origin of such Products or sponsorship or approval of such Products by Plaintiff.

44.     Plaintiff is informed and believes, and thereon alleges that, as a proximate result of Defendant's false designation of origin, the Defendant stands to make substantial sales and profits in amounts to be established according to proof.

45.     Plaintiff is informed and believes, and thereon alleges that, as a proximate result of Defendant's false designation of the origin of their Counterfeit Products and services, Plaintiff has been damaged and deprived of substantial sales of its Products and has been deprived of the value of its trade dress as commercial assets, in amounts to be established according to proof.

46.     Plaintiff is informed and believes, and thereon alleges that, unless restrained by this Court, the Defendant will continue to designate falsely the origin of their Counterfeit Products, causing irreparable damage to Plaintiff and engendering a multiplicity of lawsuits. Pecuniary compensation will not afford Plaintiff adequate relief for its resulting damages. Further, Plaintiff is informed and believes, and thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendant's Products and services.

47.     Plaintiff is informed and believes, and thereon alleges that, the Defendant's acts were committed intentionally, and continue to be committed, with actual notice of Plaintiff's exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and genuine RooR products.

48.     Unless Defendant is enjoined from continuing the aforementioned infringement and unlawful acts, Plaintiff will continue to suffer irreparable harm.

49.     Pursuant to Section 34 of the Lanham Act, 15 U.S.C. §1116, Plaintiff  is entitled to permanent injunctive relief to prevent further damage to Plaintiff, and to prohibit Defendant from further, similar violations of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

- 11 -

50.     This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C.

§1117(a), thereby entitling Plaintiff to recover damages of up to three times Defendant's profits,

those damages sustained by Plaintiff, attorneys' fees, and the costs of this action.

51.     Plaintiff also requests and is entitled to a destruction order pursuant to Section 36

of the Lanham Act, 15 U.S.C. §1118, requiring that Defendant deliver up and destroy all

products and other materials relating to or incorporating the RooR Marks.

## COUNT FOUR
## Declaratory Judgment (28 U.S.C. §2201 *et seq.)*

52.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 51  of this

Complaint as if set forth verbatim herein.

53.     Plaintiff has used the RooR Marks in interstate commerce.

54.     Plaintiff's rights in and use of  the RooR Marks have priority over Defendant's

use of the Offending Marks, as Plaintiff's usage of the RooR Marks predates Defendant's usage

of the Offending Marks.

55.     As set forth hereinabove, Plaintiff has spent considerable time, money and effort

in creating, developing, advertising, promoting, and marketing their products under the RooR

Marks.

56.     Defendant's use of the Offending Marks has caused and is likely to continue to

cause confusion, mistake or deception as to the affiliation, connection, or association of

Defendant with Plaintiff.  Moreover, Defendant's actions have caused and are likely to continue

to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiff of

Defendant's Counterfeit Products.  By use of the RooR Marks, Defendant has falsely and

deceptively implied a connection or affiliation with Plaintiff, and falsely represented Plaintiff as

having authorized or sponsored Defendant and its Counterfeit Products.

57.     Defendant's actions have created an actual controversy between Plaintiff and Defendant.

58.     Pursuant to 28 U.S.C. §2201, Plaintiff is entitled to declaratory judgment that it enjoys exclusive rights to the RooR Marks, and that Defendant's use of the Roor Marks, the Offending Marks, or any confusingly similar trade name, constitutes infringement of the RooR Marks.

59.     Plaintiff is further entitled to a declaration that their registration of ROOR, as well as the remaining RooR Marks, are valid and have priority over any use by Defendant of the RooR Marks, the Offending Marks, or any confusingly similar trade name, constitutes infringement of the RooR Marks.

**COUNT FIVE**
**New Jersey Unfair Competition (N.J.S.A. § 56:4-1)**

60.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 59 of this Complaint as if set forth verbatim herein.

61.     The Defendant's aforesaid acts are likely to cause injury to the business reputation of Plaintiff and to dilute the distinctive quality of  the RooR name, brand, trademark, trade name, trade dress, reputation and/or good will in violation of N.J.S.A. § 56:4-1 *et seq*., of the State of New Jersey.

62.     Plaintiff has actually suffered and will continue to suffer monetary damages, in addition to loss of good will, which cannot be compensated with monetary damages.

## COUNT SIX
## Common Law Unfair Competition

63.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 62 of this Complaint as if set forth verbatim herein.

64.     Defendant's aforesaid acts constitute unfair competition under the common law of the State of New Jersey and under the common law of other states, and accordingly, Plaintiff is entitled to damages from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sream, Inc. respectfully requests the following relief as to each of the above causes of action:

A.     That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined and restrained and thereafter, permanently enjoined:

(1)     from using in any manner the marks which infringe upon the RooR Marks, as to be likely to cause confusion, deception, or mistake on or in connection with the manufacturing, advertising, distributing, offering for sale, or selling of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with each of Plaintiff's products;

(2)     from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the RooR Marks;

(3)     from committing any acts calculated to cause purchasers to believe that the Counterfeit Products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

(4)     from further diluting and infringing the RooR Marks, and damaging Plaintiff's goodwill; and

(5)     from otherwise competing unfairly with Plaintiff in any manner;

B.     That Defendant be required to forthwith deliver up for destruction its entire inventory of the Counterfeit Products and any advertising or promotional materials bearing the RooR Marks or a confusingly similar copy thereof;

C.     That Defendant cause to be disabled any DRL on-line shopping or retail stores or sites that have or are advertising for sale any Counterfeit Products;

D.     That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs A, B, and C supra;

E.     That Defendant accounts for and pays over to Plaintiff profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of the RooR Marks be increased by a sum of treble damages under 15 U.S.C. §§ 1117(b); and/or up to $2,000,000 under the ACPA;

F.     A Finding that that Defendant's Counterfeit Products infringe the RooR Mark;

G.     That Plaintiff be awarded punitive damages;

7095901

- 15 -

H.      That Plaintiff be awarded costs and disbursements of this action, together with reasonable attorney fees under 15 U.S.C. §§ 1117(b), and New Jersey Law; and

I.      That Plaintiff be awarded such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

## JURY DEMAND

Plaintiff Sream, Inc., a California Corporation, demands a jury for all issues so triable.

DATED:      Newark, New Jersey
            August 23, 2018

Respectfully submitted,

**LeClairRyan**

A Professional Limited Liability Company

*/s/ David W. Phillips*

_____

David W. Phillips, Esq.
Attorneys for Plaintiff Sream, Inc.
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
Tel. (973) 491-3600

ROBERT L. GREENER, ESQ.
Attorney for Plaintiff Sream, Inc.
112 Madison Avenue, 6th Floor
New York, NY 10118
Phone: (646) 415-8920
Fax: (212)689-9680
Email: rlg@greenerlegal.com

**EXHIBIT A**

# United States Detective Bureau, Inc.

## NJSP LIC NO. 5623

Agents For



Florida License: A1400063

**FROM:** Brian J. Gaudette/Investigator

**TO:** Robert Greener, Esq.
   112 Madison Ave. 6th Floor
   New York, NY. 10016

**RE:**
**Subject: One Stop 3**
**Address: 2517 C Boardwalk. Atlantic City, New Jersey 08401**
**File: SREAM,I NC./ ROOR REPORT # RRNJ-017-18**
**Private Investigator: Brian Gaudette**
**NJ Registration : #024**

### REPORT OF INVESTIGATION

**DAY/DATE: Tuesday / June 19, 2018**
Time: 5:42

Investigator arrived at: One Stop 3, located at 2517 C Boardwalk. Atlantic City, New Jersey 08401. The investigator entered the store and located approximately five to ten different pipes with the ROOR logo on them that were believed to be counterfeit. The investigator purchased one for $21.39 which was determined to be counterfeit based upon the following characteristics; square "R"s, rubber grommet, glass quality and price.

The purchased pipe is described as a clear pipe approximately five inches tall. The ROOR logo is located on the chamber of the pipe, and the letters are red, yellow, and red (Rasta).

Investigator took pictures of the inside and outside of the store, and of the purchased product, which accompany this report.

 The item was secured in an evidence bag with case identification tag and stored in a secure, locked, and alarmed facility since that date.  The sales clerk did not identify himself.

_____
### INVESTIGATORS SIGNATURE

### PHOTOS:



ONE SHO S
2511 FARAEDR
ATLANTI ITY NJ 0800
1 9 372 1380

Te nn ID: 504                    Store #: 4527
Te al 0102                       R.F #: 0803

## Sale

XXXXXXXXXXXX1670
VISA                    Entry Method: Chip

## Total: $         21.39

06/19/18                         17:42:00
Inv #: 000003           Appr Code: ████
Transaction ID: ████████████████
Apprvd: Online          Batch#: 000042

Visa Credit
AID:
ISI: ████████
TVR:

Customer Copy

THANK YOU



6/19/18, 5:38 PM



6/19/18, 5:41 PM

